ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **MWI CORPORATION**<br><br>Recurrido<br><br>v.<br><br>**TETRAD ENTERPRISES LIMITED LIABILITY COMPANY y OTROS**<br><br>Demandados<br><br><br>**JLG CONSULTING ENGINEERING, P.S.C.**<br><br>Peticionario | KLCE202500611 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br><br>Civil Núm.: **SJ2024CV10215**<br><br>Sobre: Cobro de Dinero Ordinario y otros |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Boria Vizcarrondo, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de julio de 2025.

Comparece ante nos JLG Consulting Engineering, P.S.C. (JLG Consulting o parte peticionaria) mediante la presente petición de *Certiorari* y nos solicita que revoquemos: (1) la *Resolución* emitida el 26 de febrero de 2025, notificada al día siguiente, y (2) la *Resolución* en reconsideración emitida el 28 de febrero de 2025, notificada el 5 de marzo del mismo año, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En ambas resoluciones, el TPI denegó la solicitud de intervención y embargo presentada por JLG Consulting.

El 27 de junio de 2025, MWI Corporation y Tetrad Enterprises Limited Liability Company (Tetrad) radicaron sus respectivas oposiciones al recurso de *certiorari*.

Por los fundamentos que expondremos a continuación, denegamos expedir el recurso.

## I.

Los hechos que dan génesis a este recurso comienzan con la presentación de una *Demanda,* por parte de MWI Corporation contra Tetrad, entre otros, sobre incumplimiento de contrato y cobro de dinero el 31 de octubre de 2024.[1] En el referido escrito, la parte demandante incluyó al Departamento de Recursos Naturales y Ambientales de Puerto Rico (DRNA) como parte indispensable. En esencia, la parte demandante alegó que el 6 de abril de 2020 firmó un contrato de arrendamiento con Tetrad, en el cual le arrendó a este último el equipo que estaría siendo utilizado en diez estaciones de bombas localizadas en diferentes municipios de Puerto Rico. Arguyó que el propósito de estas bombas era asistir en el manejo de aguas y control de inundaciones en eventos de lluvias en los municipios. Adujo que, por su parte, Tetrad firmó un contrato con el DRNA en el cual puso a disposición las bombas que le fueron alquiladas junto a los servicios necesarios para la operación de las estaciones. Alegó que Tetrad ha incumplido con el pago de las facturas mensuales por concepto de alquiler del equipo, y el contrato habido entre las partes. Arguyó que, debido a tal razón, se vio en la obligación de realizar comunicaciones extrajudiciales con el DRNA para que este retuviera el dinero adeudado a Tetrad y lo remitiera a MWI Corporation, pues esta entidad gubernamental respondía como comitente.

El 12 de noviembre de 2024, MWI Corporation presentó una *Moción en Solicitud de Remedio Provisional Bajo la Regla 56.5 de Procedimiento Civil.*[2] En esencia, solicitó al Tribunal: (1) que prohibiera a Tetrad de intervenir con el equipo de bombas de aguas y que este último no limitara el acceso del demandante a dichos equipos en distintas estaciones y, además, (2) que ordenara al DRNA

---

[1] Véase, Apéndice del recurso de *Certiorari,* Anejo 5, págs. 112-121.
[2] *Íd.,* Anejo 6, págs. 122-178.

depositar en la Unidad de Cuentas del Tribunal cualquier cantidad debida a Tetrad.

El 13 de noviembre de 2024, el TPI emitió una *Resolución* en la cual tomó conocimiento de la moción presentada por MWI Corporation, pero no adjudicó la misma sin antes adquirir jurisdicción sobre la parte demandada, en especial sobre DRNA.[3]

Así las cosas, el 2 de diciembre de 2024, el DRNA compareció ante el Tribunal mediante una *Moción Informativa y de Consignación.*[4] En síntesis, alegó que al advenir en conocimiento de las actuaciones de Tetrad, en especial su deuda con MWI Consulting, se abstuvo de emitir cualquier pago hasta el 18 de octubre de 2024. Consignó la cantidad de seis millones ciento catorce mil novecientos treinta y ocho dólares con noventa y cuatro centavos ($6,114,938.94) por concepto de alquiler de las bombas hidráulicas de Tetrad. Arguyó que esta consignación de fondos no debía ser tomada como una renuncia por parte de la agencia gubernamental ni de cualquier defensa que tenga frente a Tetrad, ni mucho menos una aceptación de que se le adeuda dicha cantidad a Tetrad. Adujo que la consignación debía ser tomada como una medida cautelar por parte del DRNA de aseguramiento de sentencia sujeta a lo que se establezca como cantidad adeudada.

Luego de múltiples trámites procesales, JLG Consulting presentó una *Solicitud de Intervención y Embargo Parcial de Fondos Consignados* el 14 de enero de 2025.[5] En el aludido escrito, JLG Consulting solicitó la intervención en el caso de marras, pues alegó que poseía una sentencia a su favor emitida por el TPI en el caso número SJ2020CV05183. Sostuvo que, por medio de dicha determinación, el foro primario condenó al demandado Tetrad a

---

[3] *Íd.*, Anejo 7, pág. 179.
[4] *Íd.*, Anejo 8, págs. 180-184.
[5] *Íd.*, Anejo 2, págs. 3-105.

pagarle la cantidad de dos millones trescientos cincuenta y cuatro mil seiscientos cincuenta y ocho dólares con ochenta centavos ($2,354,658.80) como suma principal, cien mil dólares ($100,000.00) en concepto de honorarios de abogado por temeridad y el interés legal anual de nueve punto veinticinco por ciento (9.25%).

Arguyó que debido a que poseía órdenes de embargo diligenciadas en contra de Tetrad por la sentencia del caso número SJ2020CV05183, procedía que se le permitiera el embargo parcial del dinero depositado por el DRNA en el caso de epígrafe, para así satisfacer su sentencia.

El 12 de febrero de 2025, MWI Corporation presentó su *Oposición a Solicitud de Intervención y Embargo Parcial de Fondos Consignados*.[6] En síntesis, alegó entre otras cosas, que el dinero consignado por el DRNA no le pertenecía a Tetrad, sino que era dinero asignado para el arrendamiento de las bombas hidráulicas pertenecientes a MWI Corporation. Adujo que la comparecencia y consignación voluntaria por parte de DRNA se debió a repetidas comunicaciones con el organismo, como comitente y dueño de la obra, en la que se le solicitó la retención y pago de cualquier dinero debido a que entre Tetrad y el DRNA existía un contrato de servicios. Por tal razón, arguyó que no procedía el embargo por parte de JLG Consulting del dinero consignado, pues estos fondos no eran de Tetrad y JLG Consulting no podía embargar dinero que no tenía nada que ver con su reclamación o servicios prestados.

El 14 de febrero de 2025, JLG Consulting presentó su *Réplica a Oposición a Solicitud de Intervención y Embargo Parcial de Fondos Consignados y Reiterando Solicitud de Embargo de Fondos Depositados*.[7] En síntesis, reafirmó su solicitud de intervención en

---

[6] *Íd.*, Anejo 9, págs. 185-194.
[7] *Íd.*, Anejo 10, págs. 195-203.

el caso de marras y el embargo de los fondos consignados por el DRNA.

El 24 de febrero de 2025, MWI Corporation presentó una *Dúplica a Réplica a "Oposición a Solicitud de Intervención y Embargo Parcial de Fondos Consignados"*.[8]

Después de varios trámites procesales, el 26 de febrero de 2025, notificado el día siguiente, el Tribunal de Primera Instancia emitió una *Resolución* en la cual declaró No Ha Lugar a la solicitud de intervención y embargo presentada por JLG Consulting.[9]

Inconforme, el 27 de febrero de 2025 JLG Consulting presentó una *Moción de Reconsideración*.[10]

El 28 de febrero de 2025, notificada el 5 de marzo de 2025, el Tribunal de Primera Instancia emitió *Resolución* en la cual declaró nuevamente sin lugar la solicitud de intervención y embargo de JLG Consulting.[11] En esencia, **el foro de primera instancia razonó que el dinero que JLG Consulting solicitaba embargar no era de Tetrad**, **sino del DRNA**, que fue consignado en la Secretaría del Tribunal en virtud de la reclamación directa de MWI Corporation hacia el DRNA, por lo que JLG Consulting estaba impedido de embargar.

Inconforme, el 4 de junio de 2025, la parte peticionaria compareció ante esta curia y nos planteó la comisión de los siguientes errores:

> **ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE INTERVENCIÓN DE LA RECURRENTE JLG LIMITADA AL EMBARGO DE LOS FONDOS DEPOSITADOS POR EL DRNA A PESAR DE LAS CLARAS DISPOSICIONES DE LA REGLA 21 DE PROCEDIMIENTO CIVIL.**
>
> **ERRÓ EL TPI AL ESTIMAR LOS FONDOS DEPOSITADOS VOLUNTARIAMENTE POR EL DRNA COMO "CONSIGNADOS" Y CONCLUIR QUE NO**

---

[8] *Íd.*, Anejo 11, págs. 204-209.
[9] *Íd.*, Anejo 1, págs. 1-2.
[10] *Íd.*, Anejo 4, págs. 110-111.
[11] *Íd.*, Anejo 3, págs. 106-109.

**ESTÁN SUJETO AL EMBARGO DE JLG, CUANDO EN REALIDAD SE TRATA DE UN DEPÓSITO VOLUNTARIO DE PARTE DE[L] DRNA AL NO MEDIAR ORDEN JUDICIAL NI OBLIGACIÓN LEGAL Y NO CONFIGURARSE LA FIGURA JURÍDICA DE LA CONSIGNACIÓN.**

**ERRÓ EL TPI AL DETERMINAR EN SU RESOLUCIÓN DENEGANDO LA INTERVENCIÓN Y EL EMBARGO QUE JLG NO SOLICITÓ EMBARGO AL DRNA EN SU PROCESO ORIGINAL Y QUE SU SENTENCIA FUE PARA EFECTOS DE COBRO DE UNA DEUDA DISTINTA A LA CONTRAÍDA POR TERTRAD CON MWI BAJO UN CONTRATO DISTINTO.**

**EL TPI INCURRIÓ EN ERROR MANIFIESTO AL CONCEDER PESO A LOS ARGUMENTOS DE MWI EN CONTRA DE LAS CLARAS DISPOSICIONES DEL DERECHO APLICABLE Y DE LOS HECHOS NO CONTROVERTIDOS. AL ASÍ HACERLO, ABUSÓ DE SU DISCRECIÓN E INCURRIÓ EN ERROR MANIFIESTO QUE REQUIERE LA REVOCACIÓN DE LA RESOLUCIÓN.**

Por su parte, MWI Corporation presentó una *Oposición a Expedición de Certiorari* el 27 de junio de 2025. En primer lugar, suplicó la desestimación del recurso de *certiorari*, al amparo de la Regla 32 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 47, 215 DPR __ (2025). En la alternativa, planteó que JLG Consulting no era parte indispensable y que no tenía inherencia sobre la relación contractual entre MWI Corporation y Tetrad. Sostuvo que la única intención de JLG Consulting era embargar bienes de Tetrad, toda vez que afirmaba tener una sentencia en contra de Tetrad en el caso SJ2020CV05183 por servicios profesionales prestados bajo un contrato distinto al que era objeto de examen en el caso de marras. Además, MWI Corporation arguyó que los fondos que se habían consignado en el presente pleito eran del DRNA y no de Tetrad, ya que MWI Corporation le había exigido al DRNA que, como comitente y dueño de la obra, retuviese y le pagara cualquier dinero adeudado bajo el contrato de servicios profesionales entre Tetrad y el DRNA.

El mismo 27 de junio de 2025, Tetrad radicó una *Oposición a Expedición de Petición de Certiorari presentada por JLG Consulting Engineering, P.S.C.* Expuso que JLG Consulting no tenía derecho a intervenir, a tenor con las Reglas 21.1 y 21.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 21.1 y R. 21.2; y que los fondos consignados en el foro *a quo* pertenecían al DRNA hasta tanto el TPI determinara a quien le correspondían.

## II.

El auto de *certiorari* es aquel vehículo procesal extraordinario, de carácter discrecional, que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); Véase, además, IG *Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Para este recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de *certiorari* sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (*Injunctions*) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan

interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

El término para presentar este recurso está regulado en la Regla 52.2 (b) de Procedimiento Civil, *supra*, R. 52.2, que establece que:

> (b) Recurso de "certiorari". Los recursos de certiorari al Tribunal de Apelaciones para revisar las resoluciones finales en procedimientos de jurisdicción voluntaria o al Tribunal Supremo para revisar, discrecionalmente, las sentencias o resoluciones del Tribunal de Apelaciones en recursos de apelación o las sentencias o resoluciones finales en recursos de certiorari en procedimientos de jurisdicción voluntaria deberán ser presentados dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia o resolución recurrida.
>
> Los recursos de certiorari al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de certiorari.
>
> En aquellos casos que mediante recurso de certiorari se paralicen los procesos ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones deberá resolver la controversia presentada ante sí dentro de los sesenta (60) días siguientes a que las partes concernidas se hayan expresado.

No obstante, si una de las partes es el Estado Libre Asociado de Puerto Rico, en su inciso c establece cual será el término, respecto al mismo establece:

> (c) Recursos de apelación o certiorari cuando el Estado Libre Asociado es parte. En aquellos casos en que el Estado Libre Asociado de Puerto Rico y los municipios, sus funcionarios(as) o una de sus instrumentalidades, excluyendo a las corporaciones públicas, sean parte en un pleito, el recurso de apelación para revisar sentencias del Tribunal de Primera Instancia o el recurso de certiorari para revisar discrecionalmente las sentencias o resoluciones del Tribunal de Apelaciones en recursos de apelación, deberán ser presentados por cualquier parte en el pleito perjudicada por la sentencia o la resolución, dentro del término jurisdiccional de

sesenta (60) días contados desde la fecha del archivo en autos de copia de la sentencia o resolución recurrida.

Los términos que se computen a partir del archivo en autos de copia de la notificación de una sentencia, resolución u orden comenzarán a decursar a partir del depósito en el correo de la notificación del dictamen, cuando esta fecha sea distinta a la de su archivo en autos.

Una vez adecuadamente presentado un recurso de *certiorari*, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, págs. 59-60. Específicamente, deberá justipreciar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de *certiorari*, no tiene que fundamentar su determinación. *Íd.*, R. 52.1

**III.**

Luego de evaluar los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, y de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, no vemos razón para ejercer nuestra

discreción. Por lo que, denegamos expedir el recurso ante nuestra consideración.

**IV.**

Por las razones discutidas anteriormente, denegamos expedir el recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La jueza Aldebol Mora concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones